UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| REBECCA DITTMAR, | § | |
| | § | |
| *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | _____ |
| | § | |
| 3M COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

The plaintiff, Rebecca Dittmar, ("Plaintiff" or "Dittmar"), complains of 3M Company ("Defendant" or "3M"), as follows:

## VENUE AND JURISDICTION

1. Dittmar is a citizen of the United States and a resident of the State of Texas.

2. Dittmar was a Quality Manager for 3M and venue is proper because she has been subjected to unlawful employment practices committed in the State of Texas, Northern District, San Angelo Division.

3. 3M is primarily involved in the business of industry, worker safety, US healthcare, and consumer goods.

4. 3M is a Delaware corporation, conducting business in Texas at 4501 US-377, Brownswood, Texas, 76801, in the Northern District, and elsewhere, and this action accrued in whole or in part in the Northern District.

5. 3M may be served with process by serving its registered agent in Texas: Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. The complaint seeks declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202. This suit is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq*.

7. Jurisdiction of this Court is further invoked pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), as amended, Texas Labor Code §21.001 *et. seq*.

8. This is a proceeding for compensatory and punitive damages, injunctive and other legal and equitable available to secure the rights of Dittmar under the ADEA and the TCHRA. It is brought to prevent 3M from maintaining policies, practices, customs or usages of discriminating against Dittmar in regard to terms, conditions, and privileges of employment in violation of these statutes.

9. This matter in controversy exceeds, exclusive of interest and costs, the minimum jurisdictional limits of this Court.

## STATEMENT OF FACTS

10. Amy Dittmar is a female and currently age 55.

11. Dittmar became employed by 3M in or around 1993 and spent most of her 27 year career there working at the 3M facility in St. Paul, Minnesota, most recently as a Product Development Specialist. In 2017, she accepted a Quality Manager role at the company's Brownwood, Texas plant. In that position her responsibilities were to make improvements to the quality systems and quality team in Brownwood, supervising both salaried and hourly employees. Dittmar was the only female in management at the Brownswood plant.

12. Dittmar originally reported to Paul Aufenkamp ("Aufenkamp"), Manufacturing Manager, who had hired her, but very shortly after she commenced employment, he accepted a

different position with 3M outside of Brownwood, Texas. After about four months, Dittmar was told she would begin reporting to Russ Bryan ("Bryan") Plant Manager, who was male and younger than Dittmar. For most of the time she reported to him, Bryan had five direct reports, with Dittmar being the only female and the second oldest direct report. Byran had two other age- protected direct reports, EHS Manager Vince Laquidara, and Plant Engineering Manager Dan Garza, and it was her understanding one or both were forced into retirement while reporting to Bryan.

13. During the time she reported to him, Bryan made inappropriate overtures to Dittmar. Bryan asked Dittmar to go Jeep "off-roading" outside of work hours. When Dittmar mentioned she had been running for exercise, Bryan made derogatory comments in front of her coworkers such as, "Who was chasing you?" When Dittmar she spoke out on issues in management meetings, Bryan was resistant to her comments and suggestions. Bryan, and his coworker and close friend Brad Windham, inappropriately discussed personal issues pertaining about Dittmar at social engagements unrelated to work at 3M.

14. Dittmar was assigned job duties and expectations for her Quality Manager position but did not receive adequate training. For example, although Dittmar supervised hourly employees at the facility, she was not provided guidance as to the policies and procedures governing hourly employees, even though she had not previously supervised hourly employees at 3M.

15. Throughout her employment at 3M, Dittmar had received good ratings on her year-end performance evaluations. Her most recent performance evaluation, covering year 2019, recognized Dittmar for significant Operations improvements in Brownwood, such as improved scrap rates; external facing customer metrics; a drive to reduce customer response time; and achievement of minimalizing overtime for most of the year. Dittmar received a Fully Met Expectations rating on this evaluation.

16. It was therefore surprising to Dittmar when Bryan indicated to Dittmar that she was not fulfilling the role in the way that management had wanted, in the first quarter of 2020. Bryan failed to provide documentation of any specific performance problems or complaints about her job performance. Bryan also inquired whether Dittmar preferred working as a manager or an individual contributor. Dittmar stated that under the circumstances she would prefer to be in an individual contributor role, and Bryan gave her the impression that he would transfer her to such a role. Dittmar's male predecessor in the Quality Manager role, Gary Iafrate, had been given the opportunity to assume an individual contributor role after management indicated that they were not satisfied with his job performance. Bryan never followed through to provide an individual contributor role opportunity for Dittmar.

17. On May 7, 2020, Bryan terminated Dittmar, indicating that she was being terminated for "harassment." Bryan did not provide Dittmar any documentation regarding the incident of alleged "harassment," or indicate that any investigation had been conducted. Dittmar was not been given a performance correction plan before her termination, despite the fact that 3M has performance management procedures which require a performance correction plan if an employee is alleged to have substandard performance. The termination occurred when Dittmar was age 54, when 3M's earliest retirement eligibility is at age 55.

18. It is Dittmar's understanding that a younger, male employee assumed her job duties in a role called Quality and Supply Chain Manager.

## TCHRA CLAIMS

19. Plaintiff incorporates by reference paragraphs 10 to 18 herein.

20. Plaintiff is female and is a member of the protected sex group within the meaning of the TCHRA.

21. At all times material to this action, 3M employed at least fifteen (15) employees and is an employer within the meaning of the TCHRA.

22. A. 3M employs more than 100 employees;
    B. 3M employs more than 200 employees;
    C. 3M employs more than 500 employees.

23. All conditions precedent to the filing of this suit have been met:

    A. On or around September 17, 2020, Dittmar filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"), Charge No. 450-2020-06953, alleging age and sex discrimination;
    B. More than 180 days have passed since the filing of the charge of discrimination.

24. Dittmar alleges that 3M, through its agents, supervisors, and/or employees, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges of employment, throughout her employment, because of her sex in violation of the TCHRA, and specifically subjected Dittmar to less favorable working conditions than those to which male employees were subjected, including in failing to apply employee rules and/or performance standards equally and in terminating her employment.

25. 3M engaged in the conduct described above with malice or reckless indifference to the TCHRA employment rights of its employees including Dittmar.

## ADEA

26. Dittmar incorporates by reference paragraphs 10 to 18 herein.

27. Dittmar is currently age 55. Dittmar is a member of the protected age group within the meaning of the ADEA.

28. At all times material to this action, 3M employed at least twenty employees and is an employer with the meaning of the ADEA.

29. A. 3M employs more than 100 employees;
    B. 3M employs more than 200 employees;
    C. 3M employs more than 500 employees.

30. All conditions precedent to the filing of this suit have been met:

    A. On or around September 17, 2020, Dittmar filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"), Charge No. 450-2020-06953, alleging age and sex discrimination;
    B. More than 60 days have passed since the date the charge of discrimination was filed.

37. Dittmar alleges that 3M, in a continuing course of conduct, discriminated against her in the terms, conditions and privileges of employment because of her age, and specifically in subjecting Dittmar to less favorable working conditions than those to which younger employees were subjected, including in failing to apply employee rules and/or performance standards equally and in terminating her employment.

38. Dittmar alleges that 3M's age discrimination conduct is willful under the ADEA.

39. Dittmar has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for damages, declaratory relief and injunctive relief provided for under the ADEA. Further, Dittmar is now suffering and will continue to suffer irreparable injury from 3M's policies, practices, customs, and usages, set forth herein.

## RELIEF REQUESTED

39. Dittmar requests that this Court grant her the following relief from 3M:

    A. A declaratory judgment against 3M, declaring its past practices herein complained of to be unlawful under the ADEA and the TCHRA;

    B. A permanent injunction, enjoining 3M from continuing to discriminate against her on account of age and sex, in violation of the ADEA and the TCHRA;

    C. Backpay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Dittmar for damages for violation of the ADEA and the TCHRA;

    D. Compensatory and punitive damages for the violation of rights under the TCHRA in the maximum amount prescribed by law;

E. Liquidated damages for 3M's willful violation of the ADEA;

F. Implementation of a clear and effective grievance procedure for employment discrimination complaints and advisement to all employees who are female or over the age of 40, of such grievance and non-retaliation provisions;

G. Attorney fees from 3M for the prosecution of her ADEA and the TCHRA claims;

H. Costs for the prosecution of the ADEA and TCHRA claims, including the cost of expert witness fees;

I. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

J. Such other general relief to which Dittmar is justly entitled.

## JURY DEMAND

40. Dittmar demands a jury on all ADEA and TCHRA claims, specifically, the ultimate issues of fact as to the merits of the dispute, backpay, frontpay, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

Respectfully Submitted,

/s/ Jane Legler
Jane Legler
Texas Bar No. 03565820
Christine Neill
Texas Bar No. 00796793
Kyla Gail Cole
Texas Bar No. 24033113

Neill Legler Cole PLLC
3141 Hood Street, Ste. 200
(214) 748-7777
(214) 748-7778 (facsimiles)
christine@nlcemployeelaw.com
jane@nlcemployeelaw.com
kyla@nlcemployeelaw.com

Attorneys for Plaintiff